UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD POVICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16 CV 97 CDP |
| | ) |
| COMBE INCORPORATED, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff Ronald Povich claims he and others similarly situated were "denied the benefit of their bargain" when they purchased defendants'[1] "Just for Men" hair coloring product. Specifically, Povich claims that defendants failed to properly disclose the product's risk of injury[2], and as a result, he purchased the product at an unfair price. Povich admits that he himself successfully used Just for Men without injury. In his complaint, Povich claims defendants' conduct was a violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq*., and that defendant was unjustly enriched. Before me now is defendants' motion to dismiss Povich's claim. After careful consideration, I conclude that Povich has failed to

---

[1] Defendants are Combe Incorporated; Combe Products, Inc.; Combe Laboratories, Inc.; and Combe International Ltd.

[2] The injuries that plaintiff alleges Just for Men can cause are asserted somewhat scattershot throughout the complaint, but they include burns, scarring, allergic reactions, anaphylactic shock, skin depigmentation, severe dermatitis, renal failure, vitiligo, convulsions, comas, Eczematoid contact dermatitis, bladder cancer, non-Hodgkin's lymphoma, myeloma, and leukemia.

plead facts sufficient to demonstrate Article III standing. Therefore this case does not present a justiciable case or controversy under Article III of the Constitution, and the complaint will be dismissed for lack of subject matter jurisdiction.

**DISCUSSION**

In their motion to dismiss, defendants argue that Povich either lacks standing under Rule 12(b)(1) or cannot state a claim under Rule 12(b)(6) because he has not alleged any injury based upon his purchase of Just for Men. Federal courts that have looked at claims similar to plaintiff's have alternatingly dismissed them under 12(b)(6) and 12(b)(1), but the analysis—which, at its core, asks whether plaintiff has sufficiently pled an injury—is essentially the same. *See, e.g., Mikhlin v. Johnson*, No. 4:14 cv 881 RLW, 2014WL 6084004, at *1 n.2 (E.D. Mo. 2014) ("In cases such as this, characterizing the motion as one brought pursuant to Rule 12(b)(1) rather than Rule 12(b)(6) would not affect the ultimate determination of the motion."). Because the Court must determine whether it has Article III jurisdiction before all else, I am addressing defendant's claim of jurisdictional deficiency first and find it to be dispositive as to both Povich's MMPA and unjust enrichment claims. *See Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 934 (8th Cir. 2012) ("Article III standing is always an antecedent question.") (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-96 (1998).

Dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate if the party asserting jurisdiction has failed to satisfy a threshold jurisdictional requirement. *See Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013). The court has no subject matter jurisdiction over a case in which the litigant lacks Article III standing. *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 869 (8th Cir. 2013). The plaintiff bears the burden of establishing standing. *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2342 (2014) (party invoking federal jurisdiction has burden of proving standing). "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Id*. at 2341 (quotation marks and citation omitted). When determining whether to dismiss "a complaint for lack of standing," a court is to "constru[e] the allegations of the complaint, and the reasonable inferences drawn therefrom, most favorably to the plaintiff." *Glickert v. Loop Trolley Trasnp. Developmen Dist.*, 792 F.3d 876, 880 (8th Cir. 2015)(quotation marks and citations omitted).

The dispute here concerns the injury in fact requirement of Article III standing. "An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical." *Driehaus*, 134 S. Ct. at 2341 (quotation marks and citation omitted). The test for injury in

fact "requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734–35 (1972). Defendants argue that Povich has suffered no economic or physical injury: Povich bought the product, successfully used the product for its stated purpose, and experienced no adverse physical reaction. In response, Povich asserts he was injured when defendants "deceptively labeled their products to hide important safety information," causing him to be denied the benefit of his bargain. [Plf's Opposition to MTD, ECF #21, p. 2]. Povich further argues that for purposes of standing to assert an MMPA claim, the MMPA only requires a plaintiff to allege that a product was worth less than the value represented by the seller (and paid by the plaintiff) at the time of the transaction.

Federal courts, including this Court, that have addressed claims similar to Povich's[3] have held that where a plaintiff has suffered no adverse effects from a product, and has used the product successfully, he has no quantifiable damage. *See, e.g., Mikhlin*, 2014 WL 6084004, at *3 (citing *In re Bisphenol-A (BPA) Polycarbonate Plastic Prod. Liab. Litig.*, 687 F. Supp. 2d 897, 912 (W.D. Mo. 2009)); *In re Avandia Mktg. Sales Practices & Prod. Liab. Litig.*, 639 F. App'x 866, 869 (3d Cir. 2016) (plaintiff experienced no ascertainable loss for purposes of her MMPA claim where she received all the benefits of a diabetes drug and was

---

[3] Either in the context of a 12(b)(6) or 12(b)(1) motion.

unaffected by defendants' concealment of the drug's risks); *Medley v. Johnson & Johnson Cos.*, Civil No. 10-cv-02291 (DMC)(JAD), 2011 WL 159674 (D.N.J. Jan. 18, 2011) (plaintiffs had no Article III injury in fact where they successfully used the product but claimed they would not have purchased it if they had known of the undisclosed risks); *Rivera v. Wyeth-Ayerst Laboratories*, 283 F.3d 315 (5th Cir. 2002) (plaintiff had no Article III standing for claim of "economic injury" against drug manufacturer where plaintiff found manufacturer's product to be effective and did not suffer harmful side effects). Like the plaintiffs in these cases, here Povich purchased a product, used it as intended, and received the desired result. To claim he was injured simply because he did not know at the time of purchase that the product may cause health problems for other users is not sufficient to create an injury in fact.

Povich has cited several Missouri state cases that he argues hold that a plaintiff need only show a product as purchased was worth less than the product as represented in order to maintain an MMPA claim. *See Schoenlein v. Routt Homes, Inc.* 260 S.W.3d 852 (Mo. Ct. App. 2008); *Craft v. Philip Morris Companies, Inc.*, 190 S.W.3d 368 (Mo. Ct. App. 2005); *Plubell v. Merck & Co.*, 289 S.W.3d 707, 710 (Mo. Ct. App. 2009); *Hope v. Nissan N. Am., Inc.*, 353 S.W.3d 68, 80 (Mo. Ct. App. 2011). These cases are readily distinguishable from the instant case. In *Schoenlein*, the court held plaintiffs' MMPA claims could go forward where

plaintiffs alleged they paid for home warranties that they did not timely receive. Unlike the *Schoenlein* plaintiffs, here, Povich does not dispute that he received everything he intended to pay for when he purchased Just for Men. Furthermore, the *Craft*, *Plubell*, and *Hope* opinions were on review of the lower court's class certification rulings, and class certification uses a different standard than a motion to dismiss. *See Mikhlin*, 2014 WL 6084004, at *3 n.8. Finally, in any event, whether a litigant has standing in state court has no bearing on that party's Article III standing in federal court. *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 933-34 (8th Cir. 2012) ("Standing to sue in any Article III court is, of course, a federal question which does not depend on the party's ... standing in state court.").

In the absence of an adequate injury in fact, plaintiff has no Article III standing to assert either his MMPA or his unjust enrichment claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of March, 2017.